

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Pui v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Pui v. Atty Gen USA" (2006). *2006 Decisions.* Paper 175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 05-3964

———

JOHAN PUI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———

On Petition for Review of an Order of the Board of Immigration Appeals
No. A95-165-311
Immigration Judge:  Hon. Rosalind K. Malloy

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE:  SCIRICA, *Chief Judge*, and McKEE and STAPLETON,
*Circuit Judges*

(Opinion Filed : November 20, 2006)

———

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Johan Pui is a native and citizen of Indonesia. At his removal hearing, he conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied Pui's applications. When the BIA affirmed this decision, this timely petition for review followed. In this appeal, Pui challenges only the ruling that he is not entitled to withholding of removal based upon his "showing that both he and his family have been persecuted on behalf of their beliefs [Christian] and ethnic background [Chinese] and that the situation in Indonesia" is such that persecution would in all likelihood reoccur upon his return there.[1] Appellant's Br. at 3.

Pui's claim of past ethnic and religious persecution in Indonesia rests primarily on his testimony that (1) a mob of native Muslim Indonesians, rioting in a Chinese section of Jakarta in May of 1998, forced their way into his father's store, threw the merchandise into the street, ripped off Pui's pants and touched his buttocks, and ultimately burned the

---

[1]The IJ denied Pui's application for asylum as untimely, and the BIA agreed. We would have no jurisdiction to review this determination. 8 U.S.C. § 1158(a)(3). Pui's briefing before us does not rely upon the Convention Against Torture.

2

building to the ground, and (2) Pui's Catholic church was also burned to the ground in

1998.

The BIA disposed of this claim in the following manner:

> We agree with the Immigration Judge's ultimate denial of the
> respondent's claim for withholding if removal,  The respondent asserted
> that he feared persecution, in part, because he is a Christian.  Although the
> respondent testified that his church in Indonesia was "burned" in 1998, (Tr.
> at 29), he failed to mention this critical event in either of his written
> statements or in his application.  The respondent also testified that he had
> attended a particular church in the United States every Sunday for some 3
> years since he arrived, yet when asked the name of the church's pastor he
> replied, "Father, Indonesian guy, I forgot.  *See* Tr. at 41-42.  Immigration
> Judge, expressly stated that he disbelieved the respondent's assertion of
> being Christian.  Since the Immigration Judge found that the respondent's
> statements could not be believed, the Immigration Judge made an adverse
> credibility finding.  The Immigration Judge also discussed the respondent's
> lack of responsiveness to a number of questions; this further supports the
> adverse credibility finding as the respondent was clearly evasive regarding
> his reasons why he came to the United States. *See* Tr. at 30-34, 45, 53-56.
> We find no clear error in the Immigration Judge's determination that the
> respondent lacked credibility.  8 C.F.R. § 1003.1(d)(3)(i),  *See generally,*
> *Ambartsoumian v. Ashcroft*, 388 F.3d 85, 93 (3d Cir. 2004).  The
> respondent's lack of credibility implicates his entire claim, and the
> respondent offered no corroboration of the church fire or of the fire he
> claims that was set at his father's store/house.

> We also note that the respondent's ethnic Chinese family members,
> some of whom are Christian, have reportedly not experienced any
> difficulties since the 1998 riots.  While the respondent has shown that
> ethnic Chinese Christians in Indonesia have experienced problems and
> discrimination he has not shown that there is an actual "pattern or practice"
> of persecution of similarly situated individuals.  The facts of this case are
> similar to those we considered in *Matter of A-M-*, 23 I&N Dec. 737 (BIA
> 2005), where we found no such pattern or practice in Indonesia.  The
> United States Court of Appeals for the Third Circuit, under whose
> jurisdiction this case falls, has also rejected such a claim on similar facts as
> presented to it. *See Lie v. Ashcroft*, 396 F.3d 530, 537-538, & n.4 (3d Cir.
> 2005).  The evidence here also fails to reflect that the respondent would be

> "singled out" for persecution upon return. There is no indication that the rioters or others have any particular interest in this individual respondent, and he lived in Indonesia without difficulty for more than 2 years after the 1998 riots. The respondent has not shown that it is more likely than not his life or freedom would be threatened upon return. *See* section 241(b)(3) of the Act.

App. at 48 (footnotes omitted).

There is ample record support for the conclusion of the IJ and the BIA that Pui lacked credibility. This fact, the fact that Pui remained in Indonesia for two years after 1998 without further incident, the fact that his family has remained in Indonesia without any difficulties since 1998, and the fact that no "pattern and practice" of persecution within the teachings of *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), has been shown require that we deny Pui's petition for review.

Given our decision in *Lie* and the BIA's record supported ruling on Pui's credibility, each of his three arguments is either not relevant or without merit.

The petition for review will be denied.

4